**FILED**
August 06, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: NM
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JORGE ABEL CUMATZ PUZUL, A# 221 376 447,** <br><br> **Petitioner,** <br><br> **v.** <br><br> **WARDEN, South Texas ICE Processing Center, ET AL.,** <br><br> **Respondents.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **NO. SA-26-CV-04258-OLG** |

**DISMISSAL ORDER**

Before the Court is the second 28 U.S.C. §2241 Petition for Writ of Habeas Corpus filed by Petitioner Jorge Abel Cumatz Puzul.[1] (Dkt. No. 1). Respondents have not yet responded.[2] Upon review, the Court finds that the Petition should be and hereby is **DISMISSED WITHOUT PREJUDICE**.

The Court previously ordered that Petitioner be given a bond hearing, *see Cumatz-Puzul v. Thompson, et al.*, No. 5:26-CV-02811-OLG, Dkt. No. 8 (W.D. Tex. May 6, 2026), and on May 15, 2026, Petitioner received one. *See Cumatz-Puzul v. Thompson, et al.*, No. 5:26-CV-02811-OLG, Dkt. No. 9, Ex. A. The immigration judge denied bond based on the finding that Petitioner is a "danger to the community." (*Id.*). Petitioner filed the instant case on July 6, 2026, challenging the "fundamental fairness" of the bond hearing under the Fifth Amendment Due Process Clause,

---

[1] This matter was first assigned to the Honorable Fred Biery. However, it was transferred to the Undersigned by Order dated July 31, 2026, pursuant to Subpart B of Section IV of the Amended Plan for Random and Direct Assignment of Cases in Multi-Judge Divisions, and this Court's first-to-file rule for civil cases. (Dkt. No. 4); *see* https://www.txwd.uscourts.gov/judges-information/standing-orders/ (last visited Aug. 4, 2026).

[2] Respondents were served by Order dated July 14, 2026. (Dkt. No. 3). However, their response is not due until August 13, 2026. (*Id.*). The Court finds it unnecessary to wait for a response.

asserting that his detention violates due process, and seeking immediate release from custody. (Dkt. No. 1).

Under the INA, the Court lacks jurisdiction to review an immigration judge's denial of bond following the custody redetermination hearing to which those detained under 8 U.S.C. § 1226(a) are entitled. Although Petitioner, as an applicant for admission mandatorily detained under 8 U.S.C. § 1225(b)(2)(A), was not entitled under the INA to such a bond hearing, *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 500 (5th Cir. 2026) (holding that "unadmitted aliens apprehended anywhere in the United States are ineligible for release on bond, regardless of how long they have resided inside the United States"), the Court determined that Petitioner was still entitled to as much process as those detained under § 1226(a), albeit on due process, rather than statutory, grounds. *See Cumatz-Puzul v. Thompson, et al.*, No. 5:26-CV-02811-OLG, Dkt. No. 8. It cannot now conclude, however, that an applicant for admission is entitled to even greater process with respect to custody redeterminations than those who are statutorily entitled to such redeterminations.

Although § 1226(e) does not deprive the Court of jurisdiction "to review statutory and constitutional challenges," *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)), Petitioner's claim is a challenge to the IJ's weighing of the evidence and factual findings—a challenge the Court may not entertain. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision ... regarding the detention of any alien or the revocation or denial of bond or parole."); *Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737–38 (S.D. Tex. 2025); *Shcherbinin*, 2025 WL 3687739, at *2; *see also Leon-Gonzalez v. Anda-Ybarra*, No. 26-CV-26-JKP, Dkt. No. 12 at *3 (W.D. Tex. Feb. 10, 2026); *Shcherbinin v. Rice*, No. 25-CV-1496, 2025 WL 3687739, at *2 (W.D. La. Dec. 9, 2025) (collecting cases), *report and*

*recommendation adopted*, 2025 WL 3698403 (W.D. La. Dec. 19, 2025). Because § 1226(e) precludes judicial review of the IJ's evaluation of the evidence with respect to custody redeterminations, the Court may not consider Petitioner's second request for habeas relief.

It is so **ORDERED**.

The Clerk is directed to **CLOSE** this case upon the entry of this Order.

**SIGNED** on August 6, 2026.

ORLANDO L. GARCIA
United States District Judge